FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★ APR 11 2012 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------X

KEVIN HENRY and ROSEMARIE HENRY,

Appellants,

-against-

MARC A. PERGAMENT,

Appellee.

-----------------------------------------------------------X

**ORDER**
**11 CV 4481(SJF)**

FEUERSTEIN, J.,

On August 10, 2011, *pro se* appellants Kevin Henry and Rosemarie Henry ("appellants") filed in the United States Bankruptcy Court for the Eastern District of New York ("the bankruptcy court") a notice of appeal without, *inter alia*: (1) identifying or submitting the order or judgment from which they seek to appeal; or (2) paying the filing fee or seeking waiver of the filing fee from this Court. On or about August 13, 2011, the Clerk of the bankruptcy court sent appellants a notice informing them of the deficiencies in their notice of appeal. The notice of appeal and incomplete record on appeal were transmitted to this Court on September 16, 2011. On September 27, 2011, the Clerk of this Court served appellants with a "Notice of Docketing Bankruptcy Appeal" in accordance with Rule 8007(b) of the Federal Rules of Bankruptcy Procedure ("the Bankruptcy Rules"), advising them, *inter alia*, that their appellate briefs and appendix must be filed and serve in accordance with Rule 8009 of the Bankruptcy Rules. On October 25, 2011, the appellee, Marc A. Pergament ("the Trustee"), filed a motion to dismiss the appeal based upon appellants' failure to comply with Rules 8002 and 8006 of the Bankruptcy Rules. In an undated letter, filed on October 31, 2011, appellants indicate, *inter alia*, that they

"do not currently have any open issues with the court" and refer to the appeal as "non existent." However, the parties have not filed an agreement to voluntarily dismiss the appeal in accordance with Rule 8001(c)(2) of the Bankruptcy Rules.

## I. Discussion

Rule 8001(a) of the Bankruptcy Rules provides, in pertinent part, that "[a]n appeal from a judgment, order, or decree of a bankruptcy judge to a district court * * * as permitted by 28 U.S.C. § 158(a)(1) * * * shall be taken by filing a notice of appeal with the clerk within the time allowed by Rule 8002. An appellant's failure to take any step other than timely filing a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court * * * deems appropriate, which may include dismissal of the appeal. The notice of appeal shall (1) conform substantially to the appropriate Official Form, * * * and (3) be accompanied by the prescribed fee."

### A. Timeliness of Appeal

Rule 8002(a) of the Bankruptcy Rules provides, in relevant part, that "[t]he notice of appeal shall be filed with the clerk within 14 days of the date of the entry of the judgment, order, or decree appealed from." Rule 8002(c) provides that, with exceptions not relevant here, a bankruptcy judge may extend the time for filing the notice of appeal provided that the party seeking to appeal makes a "written motion filed before the time for filing a notice of appeal has expired, except that such a motion filed not later than 21 days after the expiration of the time for filing a notice of appeal may be granted upon a showing of excusable neglect. * * *"

"[T]he time limit contained in Rule 8002(a) is jurisdictional, and * * *, in the absence of a timely notice of appeal in the district court, the district court is without jurisdiction to consider the appeal, regardless of whether the appellant can demonstrate 'excusable neglect.'" Siemon v. Emigrant Sav. Bank (In re Siemon), 421 F.3d 167, 169 (2d Cir. 2005); see also Statek Corp. v. Development Specialists, Inc. (In re Coudert Brothers LLP), — F.3d —, 2012 WL 615281, at * 3 (2d Cir. Feb. 28, 2012) ("[O]nce the time to appeal runs, a district court * * * has no jurisdiction to consider an untimely appeal."); In re Harris, 464 F.3d 263, 270 (2d Cir. 2006) (holding that Rule 8001(a) "makes clear that a district court enjoys discretion to dismiss an appeal [on procedural grounds] in all cases except where the debtor does not file a timely notice of appeal, in which case the court has no choice but to dismiss the case.")

Regardless of whether appellants seek to appeal (a) from the judgment directing them to turnover to the Trustee funds in the amount of nine thousand one hundred eighty-eight dollars and twenty-five cents ($9,188.25), plus interest at the federal rate from December 2, 2010, or (b) from the decision and order of the bankruptcy court granting their attorney in the bankruptcy proceeding fees and expenses in the total amount of two thousand two hundred ninety-nine dollars ($2,299.00), appellants' appeal is untimely. The judgment was entered in the bankruptcy court on March 29, 2011 and the decision and order was entered in the bankruptcy court on June 23, 2011, but appellants did not file their notice of appeal in the bankruptcy court until August 10, 2011 and never sought an extension of time to file their notice of appeal from the bankruptcy judge in accordance with Rule 8002(c), nor did they ever pay the required filing fee or seek waiver of the filing fee from this Court. Accordingly, the branch of the Trustee's motion seeking dismissal of the appeal pursuant to Rule 8002 is granted and the appeal is dismissed for lack of

jurisdiction.[1]

II. Conclusion

For the reasons set forth above, the branch of the Trustee's motion seeking dismissal of the appeal pursuant to Rule 8002 is granted and the appeal is dismissed for lack of jurisdiction.

**SO ORDERED.**

s/ Sandra J. Feuerstein

Sandra J. Feuerstein
United States District Judge

Dated: April 11, 2012
Central Islip, New York

[1] In light of this determination, it is unnecessary to consider the Trustee's remaining contentions.